UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

EDWIN VAZQUEZ,

                Defendant.

---

13 Cr. 869-1 (KPF)
19 Cr. 540-1 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      The Court presumes familiarity with its prior decisions in these cases, which decisions outline the lengthy procedural histories of Mr. Vazquez's 2013 prosecution for fraud and aggravated identity theft charges, for which he was ultimately sentenced to fifty-four months' imprisonment and three years' supervised release; and his 2019 prosecution for failure to appear, for which he was ultimately sentenced to six months' imprisonment and three years' supervised release. *See United States* v. *Vazquez*, Nos. 13 Cr. 869-1 (KPF) and 19 Cr. 540-1 (KPF), 2023 WL 2386607 (S.D.N.Y. Mar. 6, 2023) (denying motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and granting in part renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)); *United States* v. *Vazquez*, Nos. 13 Cr. 869-1 (KPF) and 19 Cr. 540-1 (KPF), 2022 WL 269149 (S.D.N.Y. Jan. 27, 2022) (denying motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)). Mr. Vazquez began his term of supervised release on March 30, 2023, and, according to the Probation Office, his maximum expiration date is March 29, 2026. (Request for Court Action dated May 15, 2025 ("Request")).

In February 2025, Mr. Vazquez moved for early termination of his supervised release, citing his compliance with his conditions of supervised release and his reintegration into the community; in addition, Mr. Vazquez argues that his professional advancement has been hampered by his conditions of supervised release. (13 Cr. 869-1 Dkt. #103 at 4). The Court understands that the United States Probation Office for the Northern District of Georgia does not oppose Mr. Vazquez's request (Request 5), but that the United States Probation Office for the Southern District of New York does oppose the request, citing Mr. Vazquez's limited compliance with his restitution payment obligations. The Request for Court Action also includes a statement of opposition from the Government; among other things, the Government argues that Mr. Vazquez "identifies no extraordinary circumstances or unforeseen consequences stemming from his supervised release that warrant its early termination"; that his two prior criminal convictions counsel against early termination; and that his proffered employment issues can be addressed by modifying his conditions of supervised release. (*Id.* at 4-5). For the reasons stated in the remainder of this Order, the Court denies Mr. Vazquez's request for early termination.

Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States* v. *Brooks,* 889 F.3d 95, 99 (2d Cir. 2018)

(per curiam) (noting that the purpose of supervised release is not punitive but rehabilitative); *see generally Esteras* v. *United States*, 145 S. Ct. 2031 (2025) (discussing factors that courts may consider in imposing, and revoking, a term of supervised release). A court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id.* § 3583(e). Put somewhat differently, the court is required to consider the factors in Section 3553(a) that "bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States* v. *Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. n.5 (November 2024 manual).

"So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *United States* v. *Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (citing *Lussier*, 104 F.3d at 36, among other cases)). "Occasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court declines to terminate Mr. Vazquez's term of supervised release early. In particular, the nature and circumstances of his offense conduct, 18 U.S.C. § 3553(a)(1), and the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), counsel against early termination. As recounted in the Court's prior opinions in this matter, after receiving a below-Guidelines sentence on mail fraud and aggravated identity theft charges in November 2015, Mr. Vazquez was arrested on other charges, and then failed to surrender to serve his sentence in January 2016. Three years later, in July 2019, Mr. Vazquez was indicted and arrested on charges of failing to appear, for which he again received a below-Guidelines sentence after pleading guilty. Thereafter, Mr. Vazquez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and several motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); Mr. Vazquez's factual assertions in support of his Section 2255 motion, in particular, suggested to the Court that Mr. Vazquez had not in fact accepted responsibility for his criminal conduct, such that specific deterrence remained a concern. (*See also* 13 Cr. 869 Dkt. #101 (order responding to baseless allegations that Mr. Vazquez was not advised of the immigration consequences of a guilty plea during his plea proceeding)). What is more, the Court finds that there is a general need for Mr. Vazquez's sentences, including his concurrent terms of supervised release, to deter others from engaging in fraudulent behavior and from failing to appear as directed by a court. Separately, the Court has considered Mr. Vazquez's intermittent compliance with his restitution obligations, which required the

Court to impose a payment schedule in September 2024.  (13 Cr. 869 Dkt. #102).  *See* 18 U.S.C. § 3553(a)(7).[1]

Mr. Vazquez maintains that his "full compliance" with the terms and conditions of supervised release warrants early termination.  (13 Cr. 869-1 Dkt. #103 at 4).  As just noted, Mr. Vazquez's has not had perfect compliance with these conditions.  In any event, while the Court commends Mr. Vazquez for his conduct on supervised release — including maintaining a stable job and residence, and garnering family and community support — such compliance is expected of everyone on supervision.  *See United States* v. *Wheeler*, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." (internal quotation marks omitted)); *accord, e.g.*, *United States* v. *Scarpa*, No. 18 Cr. 123 (CBA), 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); *United States* v. *Rosario*, No. 17 Cr. 27 (LTS), 2023 WL 7305260, at *3 (S.D.N.Y. Nov. 6, 2023); *United States* v. *Auerbach*, No. 19 Cr. 607 (PKC), 2023 WL 4600065, at *1-2 (E.D.N.Y. July 18, 2023).  In other words, "[c]ompliance with

---

[1] The remaining applicable Section 3553(a) factors are, on balance, neutral to the Court's analysis.  Given Mr. Vazquez's conduct on supervised release, as well as his strong family and community ties, the Court perceives less of a need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).  Nor does the Court consider continued supervised release necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(D).  Finally, as to the "kinds of sentence and the sentencing range established for" the offense, the consideration of "pertinent policy statement[s]," and the "need to avoid unwarranted sentencing disparities," *id.* § 3353(a)(4)-(6), the Court notes that Mr. Vazquez's sentences each reflected a significant downward variance from his advisory Guidelines range.

release conditions does not, by itself, provide a basis for early termination of supervised release." *United States* v. *Guerrero-Fajardo*, No. 23 Cr. 210 (JPC), 2024 WL 3925338, at *2 (S.D.N.Y. Aug. 23, 2024).

Nor is there any reason to conclude that the conditions of Mr. Vazquez's supervised release have imposed unusual burdens on him or otherwise interfered with his ability to adjust to society. Mr. Vazquez suggests that he would be better able to provide for his family as a driver by "qualify[ing] for better routes if he is able to travel freely through Georgia." (13 Cr. 869-1 Dkt. #103 at 4). But such a change could be effected through a modification of his supervised release conditions to include travel through the entirety of Georgia, a modification this Court will endorse in this Order.

The Court has taken into consideration the views of the Government and the two affected Probation Offices, which views are in conflict. Ultimately, after reviewing all of the factors, the Court does not believe that early termination is warranted at this time. Accordingly the Court DENIES Mr. Vazquez's motion for early termination of supervised release, though it orders a modification of his supervised release conditions to permit travel through the entirety of Georgia as his employment warrants.

The Clerk of Court is directed to terminate the motions at docket entry 103 in Case No. 13 Cr. 869 and docket entry 47 in Case No. 19 Cr. 540, and to docket this Order in both cases. The Probation Office is directed to transmit a copy of this Order to Mr. Vazquez.

SO ORDERED.

Dated: August 25, 2025
        New York, New York

                                    KATHERINE POLK FAILLA
                                   United States District Judge